DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:12-cv-66-RJC

| CHARLES EDWARD HUMPHRIES, JR., | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) |
| | ) **ORDER** |
| JIMMY ASHE, Sheriff, | ) |
| Jackson County, et al., | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on initial review of Plaintiff's pro se Complaint, filed pursuant to 42 U.S.C. § 1983, (Doc. No. 1), on Plaintiff's Motion to Appoint Counsel, (Doc. No. 9), on Plaintiff's Motion to Compel and Motion for Order to Show Cause, (Doc. No. 10), and on Plaintiff's Motion and Request to Reconsider Evidence, (Doc. No 12). See 28 U.S.C. §§ 1915(e); 1915A.

**I.      BACKGROUND**

Pro se Plaintiff Charles Edward Humphries, Jr., is North Carolina state inmate currently incarcerated at Mountain View Correctional Institution in Spruce Pine, North Carolina. On August 21, 2012, Plaintiff filed the instant Complaint pursuant to 42 U.S.C. § 1983, alleging that on September 2, 2009, while he was incarcerated as as pre-trial detainee at the Jackson County Detention Center in Sylva, North Carolina, he fell off a ladder while on work detail and was seriously injured. Plaintiff has named as Defendants Jimmy Ashe, identified as the Sheriff of Jackson County; C.B. Hooper, identified as a Jackson County Sheriff's Deputy and "Supervisor of Work Crew"; Matt Helton, identified as a Lieutenant with the Jackson County Sheriff's

Department; Sheila Aiken, identified as a Lieutenant with the Jackson County Sheriff's Department; Brian Wellmon, identified as a Sergeant with the Jackson County Sheriff's Department; and FNU Deweese, identified as a "Medical Provider" with the Jackson County Sheriff's Department.

Plaintiff alleges, among other things, that various of the named Defendants were deliberately indifferent to Plaintiff's serious medical needs following the accident. Plaintiff purports to bring claims under the Fourteenth Amendment based on alleged deliberate indifference as well as various state law claims, including negligence. Plaintiff also alleges that he was subjected to involuntary servitude because he was forced to do a work detail without remuneration while he was a pre-trial detainee. Plaintiff seeks declaratory and injunctive relief as well as compensatory and punitive damages.

## II. STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his administrative remedies before filing a section 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life. The Court ruled that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citation omitted). The Porter Court stressed that under the PLRA, exhaustion must take place before the commencement of the civil action in order to further the efficient administration of justice. Id.

In Woodford v. Ngo, 548 U.S. 81 (2006), the Supreme Court held that the PLRA

exhaustion requirement requires "proper" exhaustion: "Administrative law . . . requir[es] proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" Id. at 90 (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). In Jones v. Bock, 549 U.S. 199 (2007), the Supreme Court stated: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Id. at 211 (citing Porter, 534 U.S. at 524).

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Correctional Health Servs., 407 F.3d 674 (4th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense. "The Court is not precluded, however, from considering at the outset whether an inmate has exhausted administrative remedies." Green v. Rubenstein, 644 F. Supp. 2d 723, 742 (S.D. W. Va. 2009). The Fourth Circuit stated in Anderson, 407 F.3d at 683, as follows:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

### III. DISCUSSION

Here, on the face of the Complaint and by Plaintiff's own assertions, Plaintiff did not exhaust his administrative remedies before bringing this lawsuit. In the section of his Complaint regarding exhaustion of administrative remedies, Plaintiff concedes that he did not exhaust his administrative remedies. (Doc. No. 1 at 2). Plaintiff asserts that he did not exhaust his

3

administrative remedies because the Jackson County Detention Center does not have a grievance procedure and he is no longer incarcerated at the Jackson County Detention Center. (Id.). Following an order from this Court, the Jackson County Detention Center has submitted a statement to this Court showing that it has a grievance procedure for inmates, and the grievance procedure was being used on September 2, 2009, when Plaintiff's alleged injuries occurred. (Doc. No. 16). Therefore, the Court will dismiss this action without prejudice based on Plaintiff's failure to exhaust administrative remedies.

**IV.    CONCLUSION**

For the reasons stated herein, this action is dismissed without prejudice based on Plaintiff's failure to exhaust administrative remedies.

**IT IS THEREFORE ORDERED** that:

(1) This action is dismissed without prejudice for failure to exhaust administrative remedies.

(2) Plaintiff's Motion to Appoint Counsel, (Doc. No. 9), Plaintiff's Motion to Compel and Motion for Order to Show Cause, (Doc. No. 10), and Plaintiff's Motion and Request to Reconsider Evidence, (Doc. No 12), are **DENIED** as moot.

(3) The Clerk is directed to close this case.

Signed: September 4, 2014

Robert J. Conrad, Jr.
United States District Judge